*M. D. Browning,* for plaintiff in error.

*J. C. Hall,* for defendant.

———•●•———

## Cameron *et al v.* Boyle, *et al.*

In an action of debt on a replevin bond, it is a sufficient averment of non-payment where the declaration states, "that no part of the said judgment and costs have been paid, and that the whole amount remains due and owing."

Where the execution returns, state, "no property found," it is sufficient to justify an action on a replevin bond under the statute, requiring a return, "that sufficient property of the plaintiffs cannot be found," &c.

Judgment cannot be impeached collaterally for mere irregularity.

If the important averments of a declaration are made, with a sufficient regard to the rules of pleading to put the defendant on his defence, they are sufficiently good.

When a demurrer is overruled, and the defendant fails to plead over within the time required by rule of court, judgment may be rendered against him.

Judgment may be rendered for the penalty named in a bond, as a security for the damages recovered upon the breaches assessed.

Judgment should not be rendered for a greater amount of damages than is claimed in the declaration.

### *Error to Des Moines District Court.*

*Opinion by* Williams, C. J. This is an action brought by the plaintiffs below, against the defendants on a replevin bond. The plaintiffs' declaration contains two counts. The first is on the obligation as a penal bond in the usual form, setting forth the execution on the day of its date; the acknowledgement of the indebtedness of $3600,00; the

liability of the defendants to pay the money, on request, and the failure to pay it, although often requested.

The second count sets fourth the making of the bond, &c. in the usual form, averring that it was subjected to a condition which is in terms set forth as follows : "Now the condition of this bond is such; that whereas said William S. Hathaway & William E. Clifford are about to replevy of one Alexander F. W. Webb and Anthony W. Carpenter, sheriff, &c. certain dry goods, and groceries, described in a certain writ of replevin, now in my possession : Now if said William S. Hathaway & William E. Clifford shall appear at the return term of said writ and prosecute their suit to effect, and shall pay all costs and damages that shall be awarded against them, then this bond shall be void; otherwise remain in full force." Then are added the necessary averments that the bond was duly executed by Hathaway & Clifford, and Cameron & Dolbee as their securities; that a writ of replevin issued, and that the goods were apprehended and delivered to them, the plaintiffs, in the action of replevin.

Then follows the averment, as a breach of the condition of the bond "that Hathaway & Clifford had failed to appear at the return of said writ, and prosecute the same to effect, and pay all damages and costs that were awarded by the court against them; but on the contrary that at the proper court, a judgment was entered against them, the said Hathaway & Clifford, for the sum of $302,04, as damages in favor of the defendants Carpenter & Webb; and costs of suit. That an execution had issued against the defendants in the said judgment, and a return made thereon of " No property found in my bailiwick on which to levy this writ." The declaration then concludes with the averment "That no part of the said judgment and costs have been paid, that the whole amount remains due and unpaid ; that Hathaway & Clifford are non residents of the county of Des Moines." The liability of the defendants, by reason of the promises is averred, and a general

averment of a request to pay, and a neglect and refusal to pay the same, or any part thereof, to the plaintiff.

Cameron and Dolbee were served with process, the other defendants not found. Cameron appeared and filed his demurrer to the declaration of the plaintiffs, and for cause of demurrer, says.:

1st. There is no sufficient breach, assigned in plaintiffs' declaration.

2nd. Plaintiff does not show, in or by said declaration, that any right of action has as yet accrued to him.

The demurrer was overruled by the court. It appears by the record, that a rule to plead was entered on motion of the plaintiffs, against Cameron, and that he failed to plead to the merits; having made no further appearance or defence in the case, after the overruling of the demurer.

The record also shows, that judgment of default was entered against the defendants, Hathaway, Clifford and Dolbee.

On the failure of Cameron to plead, a jury to assess the damages of the plaintiffs was empanelled, and a verdict was rendered as follows: "We the jury find in debt the sum of thirty-six hundred dollars, being the amount of the penalty of the bond, and assess the damages by reason of the breaches of the condition thereof, at the sum of two hundred and seventy-two dollars, and sixty-eight cents."— Judgment was rendered on the verdict for the penalty $3600 in debt, and also for $272,68 the damages sustained by reason of the breaches of the condition of the bond. It is also made a part of the judgment, "that execution issue for the said damages and the costs of suit, with directions to the sheriff to collect no more than the money so assessed and costs, and further, that the judgment of said debt, stand as a security for any further breaches that might be assigned on said bond."

On the 23d day of October, 1848, Cameron and Dolbee sued out their writ of error.

The cause is now presented for adjudication, on the following assignments of error:

Cameron *v.* Boyle.

1. The court erred in overruling the demurrer.

2. The judgment should be *respondeat ouster*.

3. The court erred in rendering judgment for the penalty, &c. -

4. The judgment rendered, is for more than the damages claimed in the declaration.

It is contended, that the demurrer to the declaration should have been sustained by the court below, on two grounds. 1. That there is no absolute averment of a failure on the part of the defendants to pay, or satisfy the bond. 2. The declaration does not aver a proper and sufficient return to the execution, issued on the judgment in the action of replevin, to prosecute which, the bond here sued was given.

By examining the declaration, we find that after a full recitation of the proceedings had in the replevin suit as inducements, showing the entry of final judgment against Hathaway & Clifford, the issuing of execution and the return thereof by the officer, it is averred "that no part of the said judgment and costs has been paid, and that the whole amount remains due and owing." This, we think, is sufficient as an averment of nonpayment, or failure on the part of the obligors in the bond, to comply with the terms of their obligation; and fully answers this ground of demurrer.

The second objection to the declaration, is based upon an alleged variance between the language used by the sheriff, in making his return to the execution issued on the judgment in the action of replevin, and the return prescribed by the statute. The return of the sheriff, as set forth in the plaintiffs' declaration, is "No property found in my bailiwick, upon which to levy this writ." The 23d section of the replevin act, see *Rev. Stat.*, 537, provides, "that no suit shall be instituted on the bond given by the plaintiff as provided in this act, nor against the officer who took the same, until an execution shall have issued on the judgment in favor of the defendant, in which it shall be returned, that *sufficient property* of the

plaintiff, cannot be found in the county, whereon to levy, and make the amount of the said judgment."

The only inquiry then is, as to the return of the sheriff in this case, being a substantial compliance with the requisition of the statute? We think it is. The return of the sheriff is, "No property found, &c." This return not only shows that "sufficient property" could not be found; but that "no property" could be found, clearly and fully including all that is expressed by the language of the statute, and more. It would be a rigid, and we think, unreasonable rule, which would declare such a return bad, for want of compliance with the requirement of the statute. The averment, as to the return of the sheriff, and the failure of the plaintiffs in the replevin suit, and obligors in the bond, here sued to satisfy the judgment, is sufficient, in law, to enable the plaintiffs to maintain this action.

Objections were made to the legality of the proceedings in the action of replevin, in which the bond here sued, was given. This court cannot, in this proceeding, go behind the judgment in that case. We must consider the judgment remaining as it does, unreversed and in force, as *rem judicatum.* As such, it cannot be impeached collaterally, for mere irregularity. Besides, these objections relate to matter of inducement in the declaration, which might have been omitted; and without which, it would have been good in law.

The declaration avers that the judgment remains unsatisfied, and the proper return of the sheriff on the execution is set forth substantially, so as to justify the commencement of the suit under the statute. The important averments of the declaration, are made with sufficient regard to the rules of pleading, so as to put the defendants on their defence in accordance with the practice.

There is no error in the judgment of the court, overruling the demurrer.

But it is contended, that the judgment on the demurrer was improperly entered. That the court should have giv-

Cameron *v.* Boyle.

en a judgment of *respondeat ouster.* That the defendants were estopped, by the judgment of the court, from pleading to the merits.

The record shows, that after the default had been entered against Dolbee; on the same day of the filing of the demurrer, a rule to plead by a time certain, during the term, was taken against Cameron, and that the demurrer being overruled, the default was confirmed as to him, he having failed to plead. This was then a judgment for want of a plea.

We consider the practice in this state, well settled on this point. The demurrer being overruled, the defendant had his election to stand on it, or to plead over. It was his privilege to move the court for leave to plead over, and proceed to trial on the merits. Having failed to do this, the court was justifiable in presuming that he stood upon his demurrer. Upon failing to plead by the time appointed, the judgment against him was a legal consequence. This is the practice, not only in this state, but it prevails elsewhere. *Godfrey* v. *Buckmaster,* 1st. Scam. 447.— *Gilbert* v. *Maggord,* ib. 471. *Conradi* v. *Evans,* 2 ib., 186.

The objection to the judgment rendered for the penalty, we think is not well taken.

This being an action at law on a penal bond, a judgment for the penalty was proper. From the character of the instrument, there could be but one breach assigned. It was competent for the plaintiffs to sue upon the bond, and at the same time, declare and claim damages for the breach of the covenant. *Rev. Stat.* p. 471 § 16. Such has been the practice in this state under the statute, which provides that the judgment may be entered in debt for the penalty, as a security for the breaches, and also, at the same time, if breaches are assigned in the declaration, for such damages as may be proven to have been sustained by the plaintiffs. This mode of procedure fully protects the interests of the parties litigant, whilst it prevents, in cases

---

Cameron *v.* Boyle.

---

like this, circuity of action and accumulation of costs. In this there is no error.

The 4th error assigned is well taken. The plaintiffs declare for the sum of one hundred dollars, as the damages which they have sustained by reason of the breach of the condition of the bond. The measure of the damages sustained by the plaintiffs did not depend upon the penalty, but upon the breach of the condition of the bond. The plaintiffs, upon the ascertainment of the amount of damages, by proof to the jury, were entitled to recover *pro tanto*.

The sum assessed by the jury, and for which judgment is entered, is $272,68. That claimed in the writ is $3600, debt and $100 damages; judgment is entered for that amount in debt, and 272,68 as damages. The declaration, as to the damages, follows the writ of summons claiming (as damages,) one hundred dollars. This sum is clearly claimed, in the declaration, as the plaintiffs' damages for the breach of the condition of the bond. The plaintiffs can recover no more than they have claimed in their declaration, and as the judgment in debt was to the extent of the writ and declaration, the judgment and damages could not be any part of the judgment for debt as claimed in the argument. There is, therefore, in this, error in the judgment of the court below. *Horner* v. *Hunt*, 1, Blackf. 214. 3, Scam. 348.

This error may, however, be cured by the plaintiff coming into court, now, and entering a *remittitur*, otherwise the judgment is reversed.

Judgment reversed.

*D. Rorer,* for plaintiff in error.

*J. C. Hall,* for defendant.